INTERNATIONAL & G. N. RY. CO. v. OWENS. (No. 5347.)

(Court of Civil Appeals of Texas. Austin. April 15, 1914.)

1. APPEAL AND ERROR (§ 757*) — RECORD — QUESTIONS PRESENTED FOR REVIEW.

Where defendant's brief did not set out plaintiff's petition or even its substance, defendant's contention that its general demurrer was improperly overruled cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

2. APPEAL AND ERROR (§ 837*)—DEMURRER—EVIDENCE.

In determining on appeal the propriety of the overruling of defendant's general demurrer, the evidence cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

3. APPEAL AND ERROR (§ 917*) — RECORD — QUESTIONS PRESENTED.

Where the record shows no ruling on defendant's general demurrer, or that any was requested, it will be presumed on appeal that the demurrer was waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

4. APPEAL AND ERROR (§ 703*) — RECORD — QUESTIONS PRESENTED FOR REVIEW.

Where the record showed that appellant requested only one instruction that was refused, appellant's assignment of error complaining of the refusal of several requested instructions cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2931; Dec. Dig. § 703.*]

Appeal from Milam County Court; John Watson, Judge.

Action by Ose Owens against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Chambers & Baskin, ·of Cameron, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellant. Morrison & Lewis, of Cameron, for appellee.

KEY, C. J. In this case the plaintiff recovered a verdict and judgment against the defendant for the value of a mule which was killed on defendant's track in the town of Gause by a passing train on defendant's road, and the latter has appealed.

[1-3] The first assignment charges that the trial court committed error in overruling the defendant's general demurrer to the plaintiff's petition. The statement in appellant's brief in support of that assignment does not purport to contain even the substance of all that was alleged in the petition, but, in addition to stating that certain facts were alleged, states that certain facts were proved by the evidence. Of course, the testimony cannot be considered in determining the sufficiency of a pleading. Besides, the record does not show that the court made any ruling upon the general demurrer, or that it was requested so to do, and therefore that demurrer must be considered as waived.

The second and fourth assignments object to certain paragraphs of the court's charge, which objections we hold are without merit, and the assignments are overruled.

[4] The third, fifth, and sixth assignments charge that error was committed by the refusal of certain requested instructions. The record shows that appellant requested only one instruction that was refused, and no error is assigned upon the action of the court in refusing that instruction. Hence we hold

that the record does not sustain the assignments, and for that reason they are overruled.

No reason for doing otherwise has been made to appear, and therefore the judgment is affirmed.

Affirmed.